UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JEFFREY D. JOHNSTON, | ) | CASE NO. C05-0121-JCC-MAT |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| RICHARD MORGAN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

I

Petitioner Jeffrey D. Johnston is proceeding *pro se* in this 28 U.S.C. § 2254 action. He challenges his 2001 convictions by guilty plea to vehicular homicide and vehicular assault. (Dkt. 18.) Respondent submitted an answer, arguing that petitioner's § 2254 motion should be dismissed without prejudice based on a failure to exhaust state remedies. (Dkt. 23.) Respondent alternatively argues that the Court should deny petitioner's claims on the merits despite his failure to exhaust. *Id.* Petitioner submitted a reply to respondent's answer. (Dkt. 20.)

Having reviewed the record in its entirety, including the state court record, the Court recommends that the petition be denied without prejudice based on petitioner's failure to exhaust.

II

The Washington Court of Appeals summarized the facts surrounding petitioner's conviction and sentence as follows:

REPORT AND RECOMMENDATION
PAGE -1

01    In December 2000, Johnston turned in front of an oncoming vehicle. The resulting collision killed Johnston's passenger and injured the woman driving the other car and her six-year-old grandson. At the time of the collision, Johnston had a blood alcohol level of .33.

Johnston pleaded guilty to vehicular homicide, vehicular assault, and driving with a suspended license. He also stipulated that he had four prior [Driving Under the Influence (DUI)] convictions. The standard sentencing range for the vehicular assault was 53-70 months, and the trial court imposed a sentence of 70 months. The standard sentencing range for the vehicular homicide was 51-68 months. However, whenever a defendant is convicted of vehicular homicide under RCW 46.61.520(1)(a), the sentencing court is to add a two-year sentence enhancement for each prior DUI. Following the statute, the trial court added 96 months to the standard range and sentenced Johnson to a term of 164 months.

(Dkt. 11, Ex. 2) (footnotes omitted).

Petitioner appealed to the Washington Court of Appeals. (*Id*., Exs. 5-6.) His counsel argued that (1) the trial court erroneously interpreted RCW 46.61.520(2) to allow two-year enhancements for DUI convictions occurring more than seven years prior to the offense at issue, and that (2) the "rule of lenity" required the court to resolve statutory ambiguities in petitioner's favor. (*Id*., Ex. 5.) In a *pro se* brief, petitioner argued that the rule of lenity should apply, that the trial court erred in applying the two-year enhancement statute retroactively, and that the application of the enhancements constituted double jeopardy and an *ex post facto* law in violation of the Fifth and Fourteenth Amendments. (*Id*., Ex. 6.) The State of Washington filed a motion on the merits to affirm. (*Id*., Ex. 8.) The Commissioner of the Washington Court of Appeals granted the motion on the merits to affirm. (*Id*., Ex. 2.)

Petitioner's counsel filed a motion to modify the Commissioner's ruling granting the motion on the merits to affirm. (*Id*., Ex. 9.) The Washington Court of Appeals denied that motion. (*Id*., Ex. 10.) In the same order, the Court of Appeals denied a *pro se* motion filed by petitioner interpreted as a motion to modify a prior ruling denying a motion to dismiss appointed counsel and to proceed *pro se*. (*Id*.)

Petitioner filed a petition for discretionary review with the Washington Supreme Court. (*Id*., Ex. 11.) He argued (1) that the Washington Court of Appeals failed to apply controlling

REPORT AND RECOMMENDATION
PAGE -2

United States Supreme Court authority governing ambiguous sentencing statutes, (2) that the court failed to apply the rule of lenity in violation of the Fifth and Fourteenth Amendments, (3) that the retroactive application of the sentencing enhancements violated the Fifth and Fourteenth Amendments, and (4) that the retroactive application of the enhancements violated the Double Jeopardy and Ex Post Facto Clauses. (*Id*.) The Washington Supreme Court denied review on March 2, 2004. (*Id*., Ex. 12.) The Washington Court of Appeals issued its mandate on March 11, 2004. (*Id*., Ex. 13.)

Petitioner moved to withdraw his guilty plea in October 2004. (Dkt. 1, Exs. 7 & 8.) The King County Superior Court denied the motion on November 12, 2004. (*Id*., Ex. 9.) Petitioner's appeal of this order remains pending in the Washington Court of Appeals.[1]

### III

In his amended petition, petitioner appears to raise the following grounds for habeas relief:

(1)   Ineffective assistance of appellate counsel.

(2)   Violation of the Sixth Amendment under the United States Supreme Court's decision in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

(3)   Violation of the Fifth and Fourteenth Amendments through the failure to apply the rule of lenity.

(Dkt. 18.) For the reasons described below, the Court concludes that petitioner failed to exhaust these claims in state court.

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement "is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts," and, therefore, requires "state prisoners [to] give the state courts one full opportunity to resolve any

---

[1] Respondent indicates he was unable to obtain a copy of the appellate file from the state court because the appeal is still pending.

constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

A complete round of the state's established review process includes presentation of a petitioner's claims to the state's highest court. *James v. Borg*, 24 F.3d 20, 24 (9th Cir. 1994). However, "[s]ubmitting a new claim to the state's highest court in a procedural context in which its merits will not be considered absent special circumstances does not constitute fair presentation." *Roettgen v. Copeland*, 33 F.3d 36, 38 (9th Cir. 1994) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)). Consequently, presentation of a federal claim for the first time to a state's highest court on discretionary review does not satisfy the exhaustion requirement. *See Castille*, 489 U.S. at 351. *But see Ylst v. Nunnemaker*, 501 U.S. 797, 801 (1991) ("If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available.")

Additionally, a petitioner must "alert the state courts to the fact that he was asserting a claim under the United States Constitution." *Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999) (citing *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). "The mere similarity between a claim of state and federal error is insufficient to establish exhaustion." *Id.* (citing *Duncan*, 513 U.S. at 366). "Moreover, general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are insufficient to establish exhaustion." *Id.* (citing *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996)).

In this case, petitioner failed to present either his first or second claims, asserting ineffective assistance of appellate counsel and a violation of the Sixth Amendment, to the Washington Supreme Court. Accordingly, these claims remain unexhausted. *See O'Sullivan*, 526 U.S. at 845; *James*, 24 F.3d at 24.

Regarding petitioner's third claim, while he did raise a "rule of lenity" issue before both the Washington Court of Appeals and the Washington Supreme Court, he raised this issue as a federal claim for the first time in his petition for discretionary review. (*See* Dkt. 11, Ex. 11 at 1.)

REPORT AND RECOMMENDATION
PAGE -4

There is nothing in petitioner's appellate counsel's brief before the Washington Court of Appeals to suggest that this issue presented a federal claim. (*Id.*, Ex. 5 at 7-8.) Petitioner's *pro se* brief to the Washington Court of Appeals likewise presents this issue as one of state law. (*Id.*, Ex. 6 at 3-8.) Therefore, because petitioner raised his rule of lenity argument as a federal claim for the first time to the Washington Supreme Court on discretionary review, this claim also remains unexhausted. *See Castille*, 489 U.S. at 351.

Pursuant to RCW 10.73.090, no petition or motion for collateral attack on a judgment and sentence in a criminal case may be filed more than a year after the judgment becomes final. Additionally, if the state court expressly declined to consider the merits of a ground based on an independent and adequate state procedural rule, or if an unexhausted ground would now be barred from consideration by the state court based on such a rule, a petitioner must demonstrate a fundamental miscarriage of justice, or cause, *i.e.* some external objective factor that prevented compliance with the procedural rule, and prejudice, *i.e.* that the claim has merit. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 749-50 (1991); *Harris v. Reed*, 489 U.S. 255, 263 (1989).

Respondent asserts his belief that petitioner's claims are now procedurally barred under Washington law. However, as acknowledged by respondent, it cannot be conclusively determined whether petitioner's claims are procedurally barred given his pending appeal from the superior court's 2004 order denying his motion to withdraw his guilty plea. Because petitioner may still have state court remedies available with which to exhaust his claims, this action should be dismissed without prejudice to petitioner re-filing upon exhaustion of his unexhausted grounds.

Petitioner is advised that section 2254 contains a one-year statute of limitations:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   . . . .

28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), a judgment becomes final ninety (90) days after entry of the highest state court's decision on direct review, which marks the expiration of the period for filing a petition for a writ of certiorari. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999). Petitioner is further advised that the one-year limitation period for filing a federal habeas petition is suspended, or tolled, "during [the time] which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). State collateral review is considered "pending" and the limitation period tolled from the time the initial application for collateral review is filed until that application is disposed of by the highest state court; it "is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." *Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999).

IV

For the reasons described above, petitioner's habeas petition should be denied and this action dismissed without prejudice. A proposed Order of Dismissal Without Prejudice accompanies this Report and Recommendation.

DATED this  23rd  day of  August , 2005.

Mary Alice Theiler
United States Magistrate Judge